UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN MYERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-cv-02023-TWP-DML |
| | ) |
| SUPERINTENDENT, Indiana State Prison, | ) |
| | ) |
| Respondent. | ) |

**Entry Directing Further Briefing**

Petitioner John Myers brought this habeas action pursuant to 28 U.S.C. § 2254 challenging his murder conviction in Indiana state court. Although the petition is fully briefed, at least one issue requires further briefing from the parties.

Mr. Myers argues that his trial counsel provided ineffective assistance in several respects. The Indiana Court of Appeals addressed each alleged error by trial counsel in isolation. *See Myers v. State*, 33 N.E.2d 1077, 1088-1114 (Ind. Ct. App. 2015). It then addressed Mr. Myers's contention "that the cumulative effect of trial counsel's errors amounted to ineffective assistance . . . ." *Id.* at 1114. It succinctly reasoned that because none of the specific "claims of error . . . amount to ineffective assistance of counsel," and since "[a]lleged trial irregularities which standing alone do not amount to error do not gain the stature of reversible error when taken together," Mr. Myers's "cumulative error argument" was unpersuasive. *Id.* (citations, quotation marks, and alteration omitted).

Mr. Myers argues in his reply brief that this analysis is both contrary to and an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and thus this Court should review the collective prejudicial impact of all of his trial counsel's errors *de novo*. (Filing No. 33 at 100-

103.) His argument is predicated on the holding in *Strickland* that requires courts to assess the impact of all of counsel's errors and the totality of the evidence when assessing prejudice. *See Strickland*, 466 U.S. at 695-96. Several authorities appear to support Mr. Myers's position that the Indiana Court of Appeals's cumulative error analysis was contrary to or an unreasonable application of *Strickland*. *See, e.g.*, *Harris v. Thompson*, 698 F.3d 609, 648 (7th Cir. 2012) ("The question is whether counsel's entire performance . . . prejudiced [the petitioner]. By analyzing each deficiency in isolation, the [state] appellate court clearly misapplied the *Strickland* prejudice prong," and therefore concluding that the state "appellate court's prejudice determination was unreasonable insofar as it failed to apply the correct framework."); *see also Sussman v. Jenkins*, 636 F.3d 329, 360-61 (7th Cir. 2011) ("Here . . . we are not faced with a single error by counsel and, therefore, must consider the cumulative impact of this error when combined with counsel's [other identified error]."); *Goodman v. Bertrand*, 467 F.3d 1022, 1030 (7th Cir. 2006) ("[The Court] must assess the totality of the omitted evidence under *Strickland* rather than the individual errors." (quotation marks and citations omitted)).

Perhaps because Mr. Myers's argument on this point was not fully developed until his reply brief—especially regarding the proper standard of review for this claim—the respondent only briefly discusses this issue. However, the respondent does contend that the Indiana Court of Appeals's treatment of prejudice was reasonable. The above authorities, as well as several others, call that position into question.

The respondent also argues that there is no clearly established law recognizing a cumulative-error doctrine. But whether or not that is true, it is not the proper inquiry. Whether cumulative error is a distinct basis for habeas relief and how to appropriately assess the prejudice prong under *Strickland* are separate questions. In other words, Mr. Myers does not ask the Court

to consider the cumulative prejudice of all his alleged constitutional errors; instead, he maintains that, in assessing his ineffective-assistance-of-counsel claim, the Court must assess how all instances of deficient performance taken together prejudiced him by considering how they would have altered the entire body of evidence presented at trial.

With the foregoing in mind, the parties shall submit supplemental briefing on this issue. Specifically, both parties must address in detail (including by discussing the authorities cited above) (1) whether the Court should review the cumulative effect of trial counsel's errors pursuant to AEDPA or *de novo*; and (2) given the proper standard of review, which of trial counsel's errors should be considered in the prejudice analysis and how those errors together did or did not prejudice Mr. Myers in light of all of the evidence presented a trial. The respondent has **through February 23, 2018**, in which to file a supplemental return. Mr. Myers then has **through April 6, 2018**, in which to submit a supplemental reply.

**IT IS SO ORDERED.**

Date: 1/12/2018

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Marie F. Donnelly
ATTORNEY AT LAW
mfdonnelly05@gmail.com

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov