UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN MYERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:16-cv-02023-JRS-KMB |
| | ) |
| SUPERINTENDENT, Indiana State Prison, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

College student Jill Behrman went missing after leaving her home for a bicycle ride on May 31, 2000, in Bloomington, Indiana. Her body was found in 2003, and John Myers was eventually convicted of her murder in state court.[1] On September 30, 2019, the Court granted Mr. Myers's petition for writ of habeas corpus, holding that his counsel performed deficiently in three ways, and that Mr. Myers was prejudiced by his counsel's errors. Dkt. 60. The Court did not rule on three other grounds for relief raised by Mr. Myers: 1) that his trial counsel was ineffective for failing to challenge the State's theory that Ms. Behrman rode north near Mr. Myers' home and failing to present evidence supporting the theory that three other people may have murdered Ms. Behrman; 2) the State presented false evidence in violation of *Giglio v. United States*, 405 U.S. 150, 153 (1972); and 3) the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Dkt. 60 at 33, 90, 146.

On September 16, 2020, the United States Court of Appeals for the Seventh Circuit issued an amended opinion reversing this Court's grant of habeas relief. *Myers v. Neal*, 975 F.3d 611

---

[1] The full factual background has been recited in numerous previous court opinions including *Myers v. State*, 887 N.E.2d 170 (Ind. Ct. App. 2008) ("*Myers I*"), and *Myers v. State*, 33 N.E.3d 1077 (Ind. Ct. App. 2015) (footnote omitted) ("*Myers II*").

(7th Cir. 2020) (in the record at dkt. 87). The Seventh Circuit held that, while Mr. Myers' counsel performed deficiently when counsel made false promises during opening statements that evidence would show that another suspect (Mr. Hollers) committed the murder and failed to challenge admission of bloodhound evidence and expert testimony that Ms. Behrman was raped, Mr. Myers was not prejudiced by counsel's errors. *Id*. The Court then remanded the case back to this Court "for the sole and limited purpose of allowing the district court to consider [two] unresolved *Brady* claims." *Id*. at 627.

The parties have fully briefed the issues, and oral argument was held on June 1, 2022. Having considered the briefing and oral arguments, the Court denies Mr. Myers' *Brady* and *Giglio* claims and does not address his previously unaddressed ineffective assistance of counsel claims.

## I. Scope of the Mandate

The parties dispute the scope of the mandate. When remanding back to this Court, the Seventh Circuit's Order stated:

> We close by noting that the district court, while granting Myers relief based on the three instances of ineffective assistance of counsel analyzed in this opinion, acknowledged but did not definitively resolve other, lesser alleged instances of ineffective assistance. Our analysis of the strength of the state's evidence forecloses relief based on these other allegations of ineffective assistance. But we do remand for the sole purpose of allowing the district court to address the two claims Myers advanced under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), in his § 2254 application. The district court reserved judgment on these claims. Our conclusions regarding the strength of the state's evidence may well foreclose relief on those claims too, but the district court should assess the question in the first instance as neither party briefed the claims in this appeal.

*Myers*, 975 F.3d at 627.

Mr. Myers argues that both the *Brady* and *Giglio* claims are properly before this Court, as well as the previously unresolved ineffective assistance of counsel claims. Dkt. 102 at 19-20, 42; dkt. 104 at 13-17. The respondent argues that the Seventh Circuit's mandate precludes this Court

2

from considering Mr. Myers' remaining ineffective assistance of counsel claims and that his *Giglio* claim is procedurally defaulted. Dkt. 103 at 16-17.

The Seventh Circuit expressly foreclosed relief on Mr. Myers' remaining ineffective assistance of counsel claims.[2] *Myers*, 975 F.3d at 627. Under the mandate rule, the district court must "adhere to the commands of a higher court on remand." *Delgado v. U.S. Dep't of Justice*, 979 F.3d 550, 557 (7th Cir. 2020).

The Seventh Circuit remanded the two *Brady* issues raised in Mr. Myers' petition, which this Court takes to be his *Brady* and *Giglio* claims. *See Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002) ("*Giglio* expanded the *Brady* rule to include impeachment evidence."). The Court will address each claim in turn.

## II. *Giglio* Violation – Whether the State Presented False Testimony

Mr. Myers claims the State violated his due process right by presenting false testimony at trial. Specifically, Mr. Myers details four categories of purportedly false evidence: 1) a detective falsely testified that Mr. Myers did not deny his guilt when he was interrogated; 2) the state presented evidence about Mr. Myers having access to guns even though they had been eliminated as the murder weapon by an investigator who testified before the grand jury; 3) the state argued that a jailhouse informant was credible even though his pre-trial deposition revealed numerous issues with his testimony; and 4) Wendy Owings testified that she did not claim responsibility for Ms. Behrman's murder until 2002, when grand jury evidence revealed that she had done so within "days or weeks" of Ms. Behrman's disappearance. *See* dkt. 9 at 52-54. He argues that this evidence

---

[2] The Court notes that the Seventh Circuit upheld this Court's previous conclusion that Mr. Myers' trial counsel performed deficiently in several respects at trial and that the state court failed to conduct the required cumulative prejudice analysis. However, the Seventh Circuit held that Mr. Myers was not prejudiced by counsel's errors. Because the Court does not analyze the remaining claims of ineffective assistance of counsel, the Court does not reconsider the cumulative prejudice analysis.

violated his due process rights as set forth in *Giglio v. United States*, 405 U.S. 150, 153 (1972). *See also Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Bland v. Hardy*, 672 F.3d 445, 447 (7th Cir. 2012) ("*Napue* and *Giglio* hold that a prosecutor may not offer testimony that the prosecutor knows to be false.").

After acknowledging that *Giglio* prevents the State from deliberately presenting false evidence, the Indiana Court of Appeals began its analysis by concluding that "Myers has fallen far short of establishing that the complained-of testimony and evidence were false or that the State knew as much." *Myers II*, 33 N.E.3d at 1115. But then it immediately went on to explain:

> Myers's claims . . . fail for a more fundamental reason. "Post-conviction procedures do not provide a petitioner with an opportunity to present freestanding claims that contend the original trial court committed error." *Wrinkles v. State*, 749 N.E.2d 1179, 1187 n.3 (Ind. 2001). Rather, "'[i]n post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal.'" *Bunch v. State*, 778 N.E.2d 1285, 1289-90 (Ind. 2002) (quoting *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002)). "An available grounds for relief not raised at trial or on direct appeal is not available as a grounds for collateral attack." *Canaan v. State*, 683 N.E.2d 227, 235 (Ind. 1997). **Myers has made no attempt to establish that his claims of prosecutorial misconduct were demonstrably unavailable at trial or on direct appeal.** His claims of prosecutorial misconduct are freestanding claims of trial error, and as such are not cognizable in this PCR proceeding.

*Myers II*, 33 N.E.3d at 1115-16 (emphasis supplied).

The respondent contends that this claim is procedurally defaulted because the Indiana Court of Appeals resolved it on an independent and adequate state law ground, which prevents a federal habeas court from reviewing the claim. Mr. Myers contends that the state law ground was not "adequate," and the claim is not defaulted.

One type of procedural default occurs when the state court decides a federal claim on an independent and adequate state law basis. *See Walker v. Martin*, 562 U.S. 307, 315 (2011) ("A federal habeas court will not review a claim rejected by a state court if the decision of

4

[the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." (citation and quotation marks omitted)). This doctrine is premised on the rule that federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315. When a petitioner does "not meet state procedural requirements . . . the state court judgment rests on an independent and adequate state ground, and principles of comity and federalism dictate against upending the state-court conviction, and instead, finding that the petitioner's claim is procedurally defaulted." *Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016); *see Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) ("If a state court clearly and expressly states that its judgment rests on a state procedural bar and does not reach the merits of a federal claim, then [a federal court is] unable to consider that claim on collateral review.").

"Whether a state procedural ruling is 'adequate' is a question of federal law." *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015). "In assessing the adequacy of a state procedural ruling, federal courts do not review the merits of the state court's application of its own procedural rules. Instead, we ask whether the rule invoked was firmly established and regularly followed." *Id.* (citations and quotations marks omitted). "If a rule has been applied 'infrequently, unexpectedly, or freakishly,' however, it may not be adequate, for 'the lack of notice and consistency may show that the state is discriminating against the federal rights asserted.'" *Id.* (quoting *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990)).

Mr. Myers argues that his claim is not defaulted because the state procedural ground invoked is not "adequate." Dkt. 33 at 104-06. He acknowledges that Indiana law prohibits

5

petitioners from raising a claim in post-conviction proceedings if the issue was known and available on direct review, but he argues nevertheless that Indiana law allows petitioners to raise a claim in post-conviction proceedings if the issue requires extrinsic evidence. *Id.* at 105. Mr. Myers relies on *Woods v. State*, 701 N.E.2d 1208 (Ind. 1998), to support this assertion, but *Woods* held only that ineffective assistance of counsel claims may be raised in post-conviction proceedings. The court did acknowledge that one reason for not raising ineffective assistance of counsel claims on direct appeal is that such claims often require extrinsic evidence. *Id.* But *Woods* says nothing about other claims that might require extrinsic evidence. Perhaps tellingly, Mr. Myers does not cite any Indiana post-conviction case law allowing a *Giglio* claim to proceed based on evidence available to the defendant at the time of his trial. *Cf. State v. Royer*, 166 N.E.3d 380, 389, 399 (Ind. Ct. App. 2021) (allowing *Giglio* and *Brady* claims in post-conviction relief proceeding because neither defendant nor his counsel could have discovered that the testimony was false at the time of his trial); *Hall v. State*, 171 N.E.3d 1064 (Ind. Ct. App.), *trans. denied*, 175 N.E.3d 278 (Ind. 2021) (addressing claim that trial counsel was ineffective for failing to raise *Napue* issue at trial and that appellate counsel was ineffective when she argued a *Napue* claim inadequately on direct appeal).

Mr. Myers concedes that Indiana does not allow petitioners to raise claims on post-conviction relief that were available on direct appeal. Although he maintains that his *Giglio* arguments "necessarily require[] the presentation of extrinsic evidence—*i.e.*, proof that the evidence in question was false," dkt. at 106, he did not make that argument to the Indiana courts, and he does not argue that the evidence needed for his *Giglio* claim was unavailable to him until after his direct appeal.

6

There is no evidence that the Indiana Court of Appeals' ruling was unexpected when it held that the only trial errors that can be raised in post-conviction proceedings are ineffective assistance claims or "'issues demonstrably unavailable at the time of trial or direct appeal,'" *Myers II*, 33 N.E.3d at 1115 (quoting *Bunch*, 778 N.E.2d at 1289-90), and that "Myers has made no attempt to establish that his claims . . . were demonstrably unavailable at trial or on direct appeal." *Id.* Simply put, the Indiana Court of Appeals concluded that Mr. Myers did not attempt to make the required showing to demonstrate that this claim could proceed in a post-conviction proceeding. This Court does "not review the merits of the state court's application of its own procedural rules," and instead "ask[s] whether the rule invoked was firmly established and regularly followed." *Crockett*, 807 F.3d at 167 (citations and quotations marks omitted). Mr. Myers has not shown that Indiana's rule against petitioners bringing standalone claims on post-conviction review that were available on direct appeal was not firmly established or regularly followed. Absent such a showing, this Court cannot review the Indiana Court of Appeals' application of its procedural rule.

Accordingly, because the Indiana Court of Appeals relied on an independent and adequate state law ground, this claim is procedurally defaulted.

### III. *Brady Violation* – Whether the State Failed to Disclose Exculpatory Evidence

Mr. Myers claims that the State failed to disclose all exculpatory evidence. According to Mr. Myers, thousands of pages of reports from the FBI and the Bloomington Police Department were not disclosed by the State, "[t]he bulk" of which "contained details of the investigation against Owings, Sowders and Clouse, information which exculpates Mr. Myers." Dkt. 9 at 56.

"The failure to disclose [exculpatory] evidence is a violation of the accused's due process rights." *Snow v. Pfister*, 880 F.3d 857, 867 (7th Cir. 2018). Specifically, the Supreme Court in *Brady v. Maryland* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or

7

punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963).

To establish a *Brady* violation, a petitioner must show three things: "first, that the evidence at issue was favorable; second, that the evidence was suppressed; and third, that it was material to his defense." *Socha v. Richardson*, 874 F.3d 983, 987 (7th Cir. 2017).

The Indiana Court of Appeals in *Myers II* acknowledged the proper legal standard under *Brady* and addressed this claim on the merits as follows:

> Myers concedes that he cannot identify even one specific piece of evidence that the State suppressed. Instead, he asserts that in the course of investigating Myers's post-conviction claims, post-conviction counsel received over 8,000 pages of documents directly from the FBI and the Bloomington Police Department, and the State did not document transferring any of these materials to the defense prior to trial in its discovery notices. At the PCR hearing, however, evidence was presented that trial counsel received additional discovery that was not documented by the State. Patrick Baker testified that discovery was "fluid" and that the State was not always meticulous in documenting what materials it had provided. PCR Transcript at 525. Chief Deputy Prosecutor Robert Cline stated that prior to trial, he provided trial counsel with a CD containing 3,000 pages of FBI reports, and possibly other kinds of reports, without documenting the transfer. Additionally, Patrick Baker testified that he reviewed boxes of investigative reports from the FBI, the Indiana State Police, the Bloomington Police Department, and the Indiana University Police Department at the Putnamville State Police Post.
>
> We agree with the post-conviction court's conclusion that based on the evidence presented at the PCR hearing, it is unclear whether trial counsel was provided with or had access to all of the relevant investigative reports. Consequently, Myers has not satisfied his burden of establishing that the State suppressed such evidence. Moreover, even if we assume the State failed to disclose some evidence, without knowing what that evidence was, we cannot begin to determine whether it was favorable to the defense and material to an issue at trial, or merely cumulative of what was disclosed to Myers. Additionally, Myers has made no attempt whatsoever to establish that the allegedly suppressed investigative reports were not available to him through the exercise of reasonable diligence. Essentially, Myers asks us to ignore his evidentiary burden and presume not only that investigative reports were suppressed, but also that somewhere among the allegedly suppressed reports, a nugget of evidence satisfying the requirements of *Brady* must exist. This we will not do.

*Myers II*, 33 N.E.3d at 1114-15.

The same difficulties with Mr. Myers's *Brady* claim identified by the Indiana Court of Appeals remain. During state post-conviction proceedings, Mr. Myers was not able to identify what, if any, materials had been suppressed.[3] Even assuming that his trial counsel did not receive *any* of the 8,000 pages of documents from the FBI and BPD—that is, that evidence was suppressed—Mr. Myers failed to establish that the evidence was favorable or material because he failed to direct the state court to any specific piece of suppressed evidence that was both material and favorable.

Although Mr. Myers has now listed specific evidence he argues is both material and favorable, dkt. 102 at 1, such evidence was not before the Indiana courts and cannot be considered now. If a petitioner "has failed to develop the factual basis of a claim in State court proceedings," the Court cannot hold an evidentiary hearing or consider evidence outside the state-court record for that claim unless

> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The Supreme Court recently made clear that post-conviction counsel's "fail[ure] to develop the factual basis of a claim" still triggers § 2254(e)(2), even if the same counsel's ineffectiveness excuses the procedural default of the undeveloped claim. *Shinn v. Ramirez*, 596 U.S. 366, ---, 142

---

[3] His trial counsel testified at the state post-conviction relief hearing that he reviewed boxes of investigative reports, including FBI and BPB files, at the Putnamville State Police Post. PCR Tr. at 526, 545-46.

S. Ct. 1718, 1734 (2022) ("[S]tate postconviction counsel's ineffective assistance in developing the state-court record is attributed to the prisoner.").

Mr. Myers has not satisfied the requirements of § 2254(e)(2).[4] It is apparent from the briefing that the evidence he seeks to admit now was available through the exercise of due diligence at the time of his state post-conviction proceedings if not before.

The Indiana Court of Appeals held: "without knowing what that evidence was, we cannot begin to determine whether it was favorable to the defense and material to an issue at trial, or merely cumulative of what was disclosed to Myers." *Myers II*, 33 N.E.3d at 1115.

Mr. Myers argues that this determination was an unreasonable application of federal law because the court stated that it was "unclear" whether trial counsel had access to the allegedly suppressed documents. *Id*. He argues this subjected him to a higher burden of proof than by a preponderance of the evidence. Dkt. 102 at 15. But Mr. Myers's "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The Indiana Court of Appeals correctly stated the burden of proof as by a preponderance of the evidence. *Myers II*, 33 N.E.3d at 1088. Its later use of the word "unclear" is insufficient to overcome the presumption that it applied the correct standard. *Stanley v. Bartley*, 465 F.3d 810, 813 (7th Cir. 2006) ("Having expounded the well-known standard correctly on the previous page of its opinion, it is more likely that the court stated its conclusion imprecisely than that it applied a different standard."); *see also Olvera v. Gomez*, 2 F.4th 659, 670 (7th Cir. 2021). Furthermore, the court went on to state that even if it assumed that the state failed

---

[4] Mr. Myers argues that this Court can consider evidence that was not before the state court if reviewing his *Brady* claim *de novo*. While this may be true, the Court cannot consider the new evidence when analyzing whether the state court's decision was reasonable. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

to disclose some evidence, Mr. Myers had not met his burden under *Brady* because he did not identify any particular evidence that was favorable, material, and not disclosed to him. *Myers II*, 33 N.E.3d at 1115. This was a reasonable application of *Brady*.

Mr. Myers argues that the state court decision was unreasonable for another reason. At oral argument, Mr. Myers argued that the state court erred by holding that the prosecutor's office did not have to turn over what it did not possess. Dkt. 111 at 7. In *Kyles v. Whitley*, 514 U.S. 419 (1995), the Supreme Court held that a prosecutor is responsible for turning over evidence possessed by outside agencies, such as the FBI and BPD records at issue here. *Id*. at 437 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."). But even if the state court erred in this regard, there was nothing unreasonable about the court's determination that Mr. Myers had not shown that any suppressed evidence was favorable and material because he had not identified any particular suppressed evidence.

Accordingly, Mr. Myers is not entitled to habeas relief on his *Brady* claim.[5]

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead,

---

[5] The Court notes the connection between Mr. Myers's *Brady* claim and the two grounds supporting his ineffective assistance of trial counsel claim that this Court did not decide in its original opinion. The undecided grounds for deficient performance were that trial counsel failed to develop 1) the Owings theory, and 2) the South Route theory. Mr. Myers's *Brady* claim is also premised on the alleged suppression of evidence related to these two theories. Mr. Myers argues these claims in the alternative. Dkt. 102 at 27-28. Either trial counsel had the FBI and BPD files and failed to use them at trial, or the State suppressed them. The Indiana Court of Appeals reasonably applied federal law when concluding that Mr. Myers had not satisfied the three requirements of a successful *Brady* claim because he could not point to any particular document that was suppressed, material, and favorable. The Court does not address how this conclusion affects Mr. Myers's claim that his trial counsel was ineffective for failing to develop the Owings and South Route theories based on evidence in the FBI and BPD files. As discussed above, the Court is bound to follow the Seventh Circuit's mandate foreclosing review of those ineffective assistance of counsel grounds.

a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue on a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). For claims resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree that Mr. Myers' *Giglio* claim is procedurally defaulted, that the Indiana Court of Appeals' denial of his *Brady* claim was not unreasonable, and that his remaining ineffective assistance of counsel claims were resolved by the Seventh Circuit Court of Appeals. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

For these reasons, Mr. Myers' petition for writ of habeas corpus is **denied** and a certificate of appealability shall not issue. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 10/17/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Clifford W. Berlow
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654

Marie F. Donnelly
ATTORNEY AT LAW
mfdonnelly05@gmail.com

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov

Lindsey A. Lusk
JENNER & BLOCK LLP
llusk@jenner.com